IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | |
|---|---|
| PATRICIO CALVILLO, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b),<br><br>    *Plaintiff*,<br>v.<br><br>BULL ROGERS, INC. and HELEN MARIE WALLACE, individually<br><br>    *Defendants*. | Docket No. 2:16-cv-919-WJ-JBW |

**PLAINTIFFS' MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS
AND CONDITIONAL CERTIFICATION**

Named Plaintiff Patricio Calvillo, individually and on behalf of those similarly situated (collectively, "Plaintiffs"), presents his Motion for Notice to Potential Plaintiffs and Conditional Certification, and shows as follows:

**I.    OVERVIEW**

This is *not* a Rule 23 motion for class certification. It *is* a motion for notice and conditional certification pursuant to the Fair Labor Standards Act's ("FLSA") collective action provision. 29 U.S.C. § 216(b). In contrast to Rule 23 *class* actions, *collective* actions are *opt-in—not opt-out*. Unsurprisingly, the standard applicable to obtain collective action notice—requiring a showing that similarly situated people exist—is drastically more lenient than those applied to Rule 23 class actions.

Plaintiff sued Defendants to recover unpaid overtime wages that Defendants failed to pay in accordance with the FLSA. Plaintiffs' live complaint specifically alleges the following:

- Defendants employ non-exempt workers to provide casing and other services to Defendants' customers ("Non-Exempt Employees" or "NEEs");

- Defendants failed to track or count hours worked by CEs when Defendants paid CEs on a quantity of work/piece rate basis and resultantly underreported the overtime hours worked by CEs ("Uncounted Hours Policy");[1]

- Defendants also pay CEs additional pay—in addition to hourly or quantity based pay for casing work—including but not limited to non-discretionary bonus, truck allowance and safety bonus pay ("Additional Pay");

- Defendants **categorically** exclude **ALL Additional Pay**—other than hourly and quantity of work pay for casing work—from the regular rate to calculate CEs' overtime compensation ("OT Miscalculation Policy").

Plaintiff has submitted two declarations from current/former NEEs establishing that the "Illegal Policies"[2] applied to all NEEs. **Exhibits C-D.** The declarations specifically show that all NEEs who received (1) quantity of work pay did not receive overtime for all overtime hours worked; and (2) Additional Pay did not receive overtime at the legally required rate.

At this early stage in the case, four CEs who worked for Defendants have already self-selected themselves as similarly situated and elected to join this suit, but individuals exist who may remain unaware of this suit or their right to proceed in this forum ("Potential Plaintiffs"). Notice to Potential Plaintiffs will allow a limited group of Defendants' current and former NEEs to make an informed decision on whether or not to participate in this case. Plaintiffs have attached a proposed Notice Form (**Exhibit A**) and Proposed Consent Form (**Exhibit B**) to facilitate Notice.

Although Plaintiff will establish Defendants' FLSA violations at trial, the merits of the case are *not* at issue here: Conditional certification is appropriate because Plaintiff has met his *lenient*

---

[1] The following exhibits are used to illustrate Defendants' total disregard to track the time worked by Plaintiff when he was paid on a quantity of work basis. *See* Exhibit E (containing Plaintiff's pay stub establishing showing that Plaintiff worked "0" hours, but received $2,904.41 in pay); Ex. F (containing Plaintiff's pay stub showing that Plaintiff worked "116.25" hours, but showing that providing that he earned an insufficient amount ($956.80) for overtime even if Defendant paid him minimum wage).
[2] Uncounted Hours Policy and OT Miscalculation Policy collectively referred to as "Illegal Policies."

**Plaintiffs' Motion for Notice & Conditional Certification**  2

first stage burden.[3] Because recovery for NEEs erodes daily, the Court should authorize Notice as soon as possible.[4]

II.     FACTUAL BACKGROUND

   A.   PLAINTIFF IS SIMILARLY SITUATED TO OTHER NEES.

The attached declarations demonstrate that a group of similarly situated NEEs exists that Defendants subjected to the Illegal Policies that denied overtime for all overtime hours worked and overtime at the legally required rate. **Exhibits C-D.** Defendants employ NEEs to perform non-exempt duties, pay them on a non-exempt basis, and subject them to a schedule that regularly requires them to work in excess of 40 hours per week. *Id.* ¶ 1-5. Defendants subjected all NEEs that received (1) quantity based pay to the Uncounted Hours Policy and (2) Additional Pay to the OT Miscalculation Policy. *Id.* ¶¶ 2-5. The declarations substantiate that Defendants subjected Plaintiff and all NEEs to the same Illegal Policies that form the basis of his live Complaint. *Id.*

   B.   SIMILARLY SITUATED, POTENTIAL OPT-IN PLAINTIFFS EXIST.

During their employment, Plaintiffs would witness or discuss coworker's job duties and pay arrangements. *Id.* ¶ 4. These Plaintiffs acquired and possess knowledge that additional NEEs performed the same job duties under the same conditions as them. *Id.* ¶ 5. Plaintiffs have surpassed the lenient standard for conditional certification by showing (1) the similar job duties and Illegal Policies applicable to all NEEs; and (2) the existence of other similarly situated Potential Plaintiffs.

---

[3] *See e.g., Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1107 (10th Cir. 2001) (finding district court erred in essentially making findings of fact regarding merits against movants and depriving plaintiffs of their right to have such issues decided by jury or under summary judgment standards); *Pegues v. CareCentrix, Inc.*, 2013 WL 1896994, at *3 (D. Kan. May 6, 2013) (granting conditional certification and refusing to consider defendant's *de minimis* arguments because court would not delve into merits of plaintiffs' claims); *Miller v. Startek USA, Inc.*, 2011 WL 1883012, at *2 (D. Colo. May 17, 2011) (relying on complaint and plaintiff's affidavits, and refusing to consider "the invitation implicit in the defendant's voluminous evidentiary submission to investigate further the potential efficacy of the allegations at this stage," given lenient standard and that it is "not the appropriate juncture" to make merits determinations).

[4] The FLSA statute of limitations runs from the date an individual opts into the case. Consequently, for former employees who are no longer being subjected to the illegal practice, every day without Notice is a day's pay they lose forever. Plaintiffs therefore request an expedited determination of this Motion. 29 U.S.C. §216(b); *O'Donnell v. Southwestern Bell Yellow Pages, Inc.*, No. Civ. A. 4:11–cv–1107, 2012 WL 1802336 (E.D. Mo. May 17, 2012) (recognizing that the statute of limitations is calcuating from the date a class member files his or her consent to opt in).

**III.    REQUEST FOR CONDITIONAL CERTIFICATION AND § 216(b) NOTICE**

This Motion seeks conditional certification of and supervised notice to the following group of Potential Plaintiffs:

> All non-exempt workers employed by Defendants in the United States over the last three years who received quantity based pay (whether pay per foot, pay per job, or some other measure), or received Additional Pay[5] that Defendants excluded from the regular rate to calculate overtime.

Plaintiffs surpass the lenient standard for the Court to issue Notice to the Potential Plaintiffs.

**A.  THE LAW FAVORS COLLECTIVE ACTIONS AND AUTHORIZES THE COURT TO ISSUE NOTICE TO THE POTENTIAL OPT-IN PLAINTIFFS.**

FLSA plaintiffs may bring an action on behalf of all "other similarly situated employees."[6] The law favors collective actions because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and providing the chance to "lower individual costs to vindicate rights by the pooling of resources."[7] Unlike plaintiffs in a Rule 23 class action, FLSA collective action plaintiffs must affirmatively opt-in to participate in the suit.[8] If an individual employee chooses not to opt-in by filing a written consent, he will not be bound by the outcome—favorable or not—and may bring a subsequent private action.[9]

Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely Notice concerning the pendency of the collective action," the FLSA grants the Court authority to manage the process of joining such employees in the action, including the power to authorize Notice, and monitor its preparation and distribution.[10] Court authorized Notice serves

---

[5] "Additional Pay" specifically excludes hourly pay and quantity based pay for casing work, but includes all other pay received by NEEs including non-discretionary bonus and per diem pay.

[6] 29 U.S.C. § 216(b).

[7] *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[8] 29 U.S.C. § 216(b); *LaChapelle v. Owens,-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).

[9] *Equal Employment Opportunity Comm'n v. Pan Am World Airways, Inc*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990).

[10] *Hoffmann-La Roche*, 493 U.S. at 169-73 (1989) ("The broad remedial goal of the statute should be enforced to the full extent of its terms.").

the legitimate goal of "avoiding a multiplicity of duplicative suits and sets reasonable cutoff dates to expedite disposition of the action."[11] The Court should take advantage of the benefits of the FLSA's collective action mechanism by ordering Notice to the Potential Plaintiffs.

### B. THE TWO-STAGE CERTIFICATION PROCESS

This District uses the two-stage approach to conditional certification.[12] Under this approach, once the Court makes the preliminary determination that the Potential Plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery.[13] After conditional certification, discovery becomes relevant in regards to the merits of the case and the second step in the collective action procedure.[14] At the second stage, the Court evaluates discovery-developed evidence to test the validity of its preliminary Notice stage decision.[15]

Allowing early Notice and full participation by opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive."[16] Upon completion of the Notice period, the Court will have the benefit of knowing the actual makeup of the collective action.[17] Early Notice will help the Court manage this case by enabling it to "ascertain the contours of the action at the outset."[18]

---

[11] *Id.* at 172; *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 628 (D. Colo. 2002) (conditional certification for Notice purposes was appropriate where Plaintiffs had made "substantial allegations" and conditional certification would allow "significant economies" to be achieved).

[12] *Maestras v. Day & Zimmerman, LLC*, No. No. 09-19, 2013 WL 11311781, at *3 (D.N.M. Dec. 20, 2013) ("[T]he Court finds that the majority of courts apply the two-step ad hoc approach in examining provisional certification of collective actions under § 216(b) of the FLSA.") (citing *Thiessen*, 267 F. 3d at 1105); *Foster v. Nova Hardbanding*, No. 15-1047, 2016 WL 4492829 (D.N.M. Apr. 20, 2016) (granting conditional certification based on application of two-stage approach).

[13] *Nova Hardbanding*, 2016 WL 4492829, at * 2 ("Once the court has conditionally certified a class, the parties engage in discovery. After the close of discovery, the court moves to the second step…. Which requires the evaluation of different factors.") (citing *Thiessen* 267 F.3d 1102-03); See also

[14] *Mooney v. Aramco*, 54 F.3d 1207, 1214 (5th Cir. 1995); *See also Maestras*, 2013 WL 11311781, at *3 (D.N.M. Dec. 20, 2013).

[15] *Mooney*, 54 F.3d at 1214; *See also Maestras*, 2013 WL 11311781, at *3 (D.N.M. Dec. 20, 2013).

[16] *Sperling v. Hoffmann-LaRoche Inc.*, 118 F.R.D. 392, 406 (D. N.J.), *aff'd*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989).

[17] *Clarke v. Convergys Cust. Manag. Group*, 370 F. Supp. 2d 601, 605 (S.D. Tex. 2005) (Notice informs the original parties and the court of the number and identity of persons desiring to participate in the suit).

[18] *Hoffman-La Roche*, 493 U.S. at 172-73.

### C. PLAINTIFFS BECOME ENTITLED TO NOTICE UPON A MINIMAL SHOWING THAT PLAINTIFFS ARE SIMILARLY SITUATED TO OTHER EMPLOYEES

#### 1. THE "LENIENT" STANDARD FOR NOTICE AND CONDITIONAL CERTIFICATION

Because the first step takes place prior to the close of discovery, the standard for Notice "is a lenient one"[19] that this District has routinely recognized and applied to certify collective actions.[20] Imposing a strict standard of proof at the Notice stage would unnecessarily hinder the development of collective actions and undermine the FLSA's "broad remedial goals."[21] Only at the *second stage*—occurring at the close of discovery—does a Court make a "factual determination" as to whether the class members are similarly situated.[22] The lenient standard applied at the first stage "typically results in class certification" and Notice to Potential Plaintiffs.[23]

#### 2. PLAINTIFF ONLY NEEDS TO MAKE SUBSTANTIAL ALLEGATIONS AT THIS STAGE.

At the first stage of the two-stage approach, the Court determines whether named Plaintiffs and Potential Plaintiffs are "similarly situated" based on allegations in the complaint supported by sworn statements.[24] The record need only be "sufficiently developed . . . to allow court-facilitated Notice" based upon "substantial allegations"[25] or "some factual support."[26]

---

[19] *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1267 (D. Kan. 2013) (citing *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).
[20] *Landry v. Swire Oilfield Services, L.L.C.*, No. 16-621, 2017 WL 1709695, at *29 (D.N.M. May 2, 2017) (noting standard is "a lenient one" and granting conditional certification) (quoting *Greenstein v. Meredith Corp.*, 948 F.Supp.2d at 1267); *Nova Hardbanding*, No. 15-1047, 2016 WL 4492829 (D.N.M. Apr. 20, 2016) (noting "standard for certification at the [notice] stage is a lenient one" and granting conditional certification) (internal citations omitted).
[21] *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling*, 118 F.R.D. at 407 ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").
[22] *Mooney*, 54 F.3d at 1214.
[23] *Abrams v. Albuquerque*, No. 10-0872, 2013 WL 1136856, at *2 (D.N.M. Sept. 24, 2013) ("The notice stage determination is made "using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."") (quoting *Mooney*, 54 F.3d at 1214); *Eagle v. Freeport-Mcmoran*, Inc., No. 2:15-cv-577, 2016 WL 7494278, at *2 (D.N.M. Aug. 3, 2016) ("The notice stage determination is made "using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."); *Landry v. Swire Oilfield Services, L.L.C.*, No. 16-621, 2017 WL 1709695, at *29 (D.N.M. May 2, 2017) ("Indeed, the standard for conditional certification is "a lenient one that typically results in class certification.") (quoting *Greenstein v. Meredith Corp.*, 948 F.Supp.2d at 1267).
[24] *See, e.g., Bass v. PJCOMN Acquisition Corp.*, No. 9-cv–1614, 2010 WL 3720217 (D. Colo. Sept. 15, 2010) (two declarations of employees in Colorado was sufficient to support conditional certification for more than 82 separate stores located in both Colorado and Minnesota).
[25] *See e.g. Maestras v. Day & Zimmerman, LLC*, No. No. 09-19, 2013 WL 11311781, at *4 (Dec. 20, 2013) (granting conditional certification exclusively based on complaint's "substantial allegations"); *Williams v. Sprint/United Mgmt Co.*,

The live Complaint alleges that Plaintiff had a primary duty of performing non-exempt work and Defendants subjected him to the Illegal Policies that denied him overtime for all overtime hours worked and overtime at the legally required rate. ECF 28 ¶¶ 2-3, 24. The Complaint also alleges that other NEEs who received (1) quantity of work pay did not receive overtime for all overtime hours worked; and/or (2) Additional Pay did not receive overtime at the legally required rate. *Id.* at ¶¶ 21-25. The attached declarations substantiate the Complaint's allegations and corroborate that Plaintiff was subjected to the same Illegal Policies as other NEEs who remain unaware of this lawsuit. Exhibits C-D. Plaintiff's allegations and sworn statements exceed the "modest factual showing" necessary for the court to grant Notice.[27]

### 3. PLAINTIFFS ARE "SIMILARLY SITUATED" TO OTHER NEES.

Plaintiff is similarly situated to other NEEs who received quantity of work and/or Additional Pay. "To establish that employees are similarly situated, a Plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar."[28] Tenth Circuit courts make their similarly situated determination on a case by base basis.[29] This case-by-case analysis involves determining whether

---

222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab,* 214 F.R.D. at 628 (D. Colo. 2002) (allegations in complaint sufficient for conditional certification).

[26] *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996); *Brown v. Money Tree Mortg. Inc.,* 222 F.R.D. 264, 680 (D. Kan. 2004) (granting conditional certification based on complaint's allegations and two affidavits); *Bernal v Cankar Enterprises, Inc.*, No. SA-07-CA-695-XR, 2008 WL 791963, at *4 (W.D. Tex. March 24, 2008) (noting that "at least one" of the opt-in Plaintiffs submitted an affidavit supporting the allegations); *Alba v. Madden Bolt Corporation*, No. H-02-1503 (S.D. Tex. June 5, 2002) (allegations and one affidavit sufficient); *Loreas v. C&S Ranch*, No. L-97-30 (S.D. Tex. May 16, 1997) (same).

[27] *Hose v. Henry Indus., Inc.*, 49 F. Supp. 3d 906, 919 (D. Kan. 2014) ("In the Tenth Circuit, courts consider FLSA class actions under a two-step approach. First, the court conditionally certifies the class, based on a modest factual showing that the class is similarly situated.").

[28] *Barnett,* 2002 WL 1023161, at *1 (internal quotation marks and brackets omitted) (quoting *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 947 (M.D. Fla.1994)); *see also, Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

[29] *Thiessen*, 267 F. 3d at 1102-03, 1105.

plaintiff and the potential plaintiffs are similarly situated in "relevant respects given the claims and defenses asserted."[30]

The "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder), Rule 42 (severance), or in Rule 23 (class actions).[31] At the notice stage, a Plaintiff meets this burden to conditionally certify a class by showing that potential plaintiffs were "together the victims of a single decision, policy or plan."[32]  Accordingly, "[a] court may deny a Plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the Plaintiff, and not from any generally applicable rule, policy, or practice."[33]

While differences in job duties have relevance to conditional certification in *misclassification* cases, differences in job duties are largely irrelevant to conditional certification in cases where a defendant subjects non-exempt employees to common discriminatory policies such as Illegal Policies at issue.[34] The holdings in the cases cited for this proposition are consistent with the Supreme Court's pronouncement that Notice may be authorized under § 216(b) of FLSA because "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."[35]

Plaintiff has met his lenient Notice stage burden. The Factual Background section's evidence makes clear that Defendants' Illegal Policies victimized all NEEs by (1) categorically excluding all Additional Pay from the regular rate to calculate overtime; and (2) failing to pay NEEs for all hours

---

[30] *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H–07–2349, 2007 WL 4146714, at *4 (S.D.Tex. Nov.19, 2007) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983).
[31] *Grayson*, 79 F.3d at 1096.
[32] *Thiessen*, 267 F.3d at 1102-03.
[33] Ryan v. Staff Care, Inc., 497 F. Supp.2d 820, 824 (N.D.Tex. 2007) (citations omitted).
[34]*Behnken v. Luminant Min. Co., LLC,* 997 F.Supp.2d 511, 522 (N.D.Tex.2014) (rejecting defendant's argument that differences job duties made conditional certification inappropriate and certifying class of hourly non-exempt workers); *Aguilar v. Complete Landsculpture, Inc.,* No. 3:04–CV–0776 D, 2004 WL 2293842, at *4 (N.D. Tex. Oct. 7, 2004) (rejecting defendant's argument that differences in job duties made conditional certification inappropriate and conditionally certifying class of hourly paid workers paid pursuant to a common "block rate" pay scheme); *Crain v. Helmerich & Payne Int'l Drilling Co.,* No. CIV. A. 92–0043, 1992 WL 91946, at *3 (E.D. La. Apr.16, 1992) (rejecting defendant's argument that differences in places of work and job duties made conditional certification inappropriate and conditionally certifying class of hourly paid workers performing non-exempt work);
[35] *Hoffmann-La Roche*, 493 U.S. at 170.

**Plaintiffs' Motion for Notice & Conditional Certification**                                                                          8

worked when they received quantity based pay. Factual Background, §§ II A-C *supra*. The NEEs also shared similar work duties (performing non-exempt services) and regularly worked over 40 hours per week. *Id.* All NEEs (1) did not receive overtime for all overtime hours when paid quantity based pay; and (2) did not receive pay at the legally required rate when paid Additional Pay. *Id.*

   4. **COURTS HAVE GRANTED CONDITIONAL CERTIFICATION IN OTHER FLSA ACTIONS AGAINST CASING COMPANIES INVOLVING THE SAME ILLEGAL POLICIES BASED ON IDENTICAL ALLEGATIONS.**

Courts have granted in conditional certification in cases to the same defined class present in this case based on nearly identical allegations.[36] The Western District of Texas provided the following analysis in granting company-wide notice to all non-exempt employees who received Additional Pay or quantity based pay in a similar FLSA collective action filed against one of Defendant's competitors:

> Upon reconsideration of the law and facts of this case, the Court is of the opinion that the purported differences between Defendants' non-exempt casing employees are not a bar to preliminary certification. A class that encompasses a wide range of job positions may be conditionally certified as long as the differences between class members are not material to the allegations of the case. *Behnken v. Luminant Min. Co., LLC*, 997 F.Supp.2d 511, 522 (N.D. Tex. 2014) ("Because it appears from the record developed thus far that the employees' job classifications, descriptions, or duties do not affect any of the facts that are material to plaintiffs' claim, these differences are not sufficient to defeat conditional certification"). Here, the purported dissimilarities between members of Plaintiffs' proposed class who were paid in whole or in part on a quantity basis (whether pay per foot, pay per job, or some other measure) or whose overtime compensation was calculated based on a regular rate that excluded additional pay, including but not limited to non-discretionary bonus, safety bonus and truck allowance pay, are irrelevant because a common scheme or policy allegedly affects all non-exempt casing employees. Because Plaintiffs have established common policies applied to Defendants' non-exempt casing employees (1) who were paid on a quantity of work basis and did not receive overtime pay for all hours worked and (2) who were paid additional pay without overtime at the legally-required rate, the Court GRANTS Plaintiffs' Motion to Reconsider….

---

[36] *Burruss v. Wyoming Casing Services, Inc.*, No. 1:16-cv-80 (D.N.D. March 29, 2017) (conditionally certifying all workers who received pay based on the quantity of work performed or non-discretionary bonus payments not included in the regular rate of pay); *McClure v. Rocky Mountain Casing Crew, Inc.*, No. 1:16-cv-322, ECF 49 (D.N.D. Feb. 14, 2017) (conditionally certifying all "non-exempt casing crew workers paid based on the amount of pipe laid or who received additional pay over the last three years").

> …. In the instant case, the claims of the putative class members are similar in that they are compensated under the same regimen. *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-CV-0776-D, 2004 WL 2293842, at *4 (N.D. Tex. Oct. 7, 2004) ("The claims of the putative class members are similar in that… they were compensated under the same regimen. Thus, under plaintiffs' theory of the case, the fact that [they] had somewhat different duties and rates of pay is immaterial."). Because the dissimilar job responsibilities among the class have not been shown to be relevant to Plaintiffs' FLSA allegations, they are not a barrier to conditional certification.[37]

The Court should apply this analysis and grant Notice to the Potential Plaintiffs who suffered from the same Illegal Policies as plaintiffs in these other conditionally certified lawsuits.

### 5. SIMILARLY SITUATED, POTENTIAL OPT-IN PLAINTIFFS EXIST

Although not a statutory requirement, a factors some courts consider in Notice determination is whether similarly situated individuals exist who desire to opt-in and who should be given Notice of their right to do so.[38] The fact that approximately **four** individuals have elected to join the case since its inception—without the benefit of Notice—evidences this fact. Plaintiffs also identify, by name, other individuals who worked under the same conditions and pay provisions, who worked more than 40 hours without receiving overtime for all hours worked or at the legally required rate, and who Plaintiffs believe would join this action if made aware of it through supervised Notice. *Id.* ¶ 6. Because Plaintiffs have demonstrated that similarly situated individuals exist that desire to join the suit (or would desire to join the suit upon receiving Notice), Plaintiffs have easily surpassed their burden to justify Notice to Potential Plaintiffs.

### IV. RELIEF SOUGHT: CONDITIONAL CERTIFICATION, ISSUANCE OF NOTICE TO POTENTIAL PLAINTIFFS, AND DISCLOSURE OF NAMES AND ADDRESSES

To facilitate the Notice process, Plaintiffs seek supervised Notice to and Conditional Certification of the Potential Plaintiffs. Plaintiffs ask that the Court approve the proposed Notice (Exhibit A) that is based on Notices approved and issued in other cases. Plaintiffs have also submitted a proposed Consent Form to be submitted for those wishing to join this action (Exhibit

---

[37] *Minyard v. Double D Tong, Inc.*, No. No. 16-cv-313, 2017 WL 1193666, at *7-8 (W.D. Tex Feb 27, 2017) (Exhibit G).
[38] *See Dybach*, 942 F.2d at 1567-68.

**Plaintiffs' Motion for Notice & Conditional Certification**                                                                                       10

B) and seek a sixty (60) day opt-in period from the date Notice is mailed. Plaintiffs also seek an Order: (1) requiring Defendants to disclose the names, last known addresses, e-mail addresses, and telephone numbers—in useable electronic form to reduce any delay in sending out notices—within three (3) days from the entry of an Order; and (2) providing permission to mail, text and email the attached proposed Notice and Consent Forms to the class members.[39] Plaintiffs further request any other relief to which they are entitled to under the law.

V.     **CONCLUSION**

Plaintiffs have presented detailed allegations and sworn statements concerning their work with Defendants that identifies two uniformly applied policies that deprived other non-exempt CEs of (1) overtime for overtime all overtime hours worked; and (2) overtime at the legally required rate. Because Plaintiffs have met their burden of showing that similarly situated individuals exist that have not been notified about the present suit, the Court should enforce the collective action provisions of the FLSA and grant Plaintiffs' Motion for Notice and Conditional Certification.

---

[39] *Dempsey v. Jason's Premier Pumping Services, LLC*, No. 1:15-cv-703, (D. Colo Nov. 11, 2015) (permitting notice via text, email, and mail); *Foster v. Nova Hardbanding*, No. 15-1047, 2016 WL 4492829, at *2 (D.N.M. Apr. 20, 2016) (granting notice via U.S. mail and email); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015) (permitting posting, mailing and text message of notice); *Eley v. Stadium Grp., LLC*, Civil Action No. 14–cv–1594 (KBJ), 2015 WL 5611331, at *4 (D.D.C. Sept. 22, 2015) (permitting notice to be " delivered to the class members by postal mail, email, and text message, as well as posted in Stadium Club's dressing room."); *Lynch v. Dining Concept Group, LLC*, Inc., No. 2:15-cv-580, 2015 WL 5916212 (D.S.C Oct. 18, 2015 (granting email and mail notice, and permitting text message notice where initial mailings were returned undeliverable); *Grady v. Alpine Auto Recovery*, No. 15-cv-00377, 2015 WL 3902774, *2 (D. Colo. June 24, 2015) (granting email and text notice).

**RESPECTFULLY SUBMITTED,**

*/s/ Jack Siegel*
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
E: Jack@siegellawgroup.biz
www.siegellawgroup.biz

**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas 75202
P: (214) 749-1400
F: (214) 749-1010
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2017, a copy of the foregoing document was sent to opposing counsel via the Western District of Texas' ECF system.

/s/ Jack Siegel
Jack Siegel

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel spoke with Defense Counsel and Defense Counsel provided that Defendants are opposed to the relief sought in this Motion.

/s/ Jack Siegel
Jack Siegel