## 28 U.S.C. § 1746 DECLARATION AND CONSENT OF PATRICIO CALVILLO IN SUPPORT OF PROCEEDING AS A COLLECTIVE ACTION

I am over the age of 18 and am competent to testify to the facts in this declaration from my personal knowledge and experience. I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts set forth below:

1. Bull Rogers, Inc. and Hellen Wallace (collectively, "Bull Rogers") employed non-exempt workers, including myself, to perform manual and technical labor, including casing work, for Bull Rogers' customers (collectively, "Casing Workers" or "CWs") at job sites. I worked for Bull Rogers as Casing Worker, including as a Caser, from approximately April 2014 to June 2015. Based on my employment with Bull Rogers, I have personal knowledge and experience with Bull Rogers's procedures and policies for compensating its CWs and the duties and hours required to work in that capacity.

2. My primary job as a CW was to help perform casing services for Bull Rogers at various job sites. As a CW, I frequently worked more than 40 hours per week. Bull Rogers did not pay me a guaranteed some to work each workweek and paid me on a non-exempt basis. Bull Rogers paid for some of the work I performed based on the amount of pipe I laid or the amount of jobs/tasks I completed ("Piece Rate Pay") at job sites. While Bull Rogers may have records, such as customer invoices or job tickets, that may reflect a fraction of the hours I worked when paid on a Piece Rate Pay basis, Bull Rogers did not track or count all of the hours to determine the overtime hours I worked during each week of my employment. Defendant specifically did not pay me for all of the time I spent driving or riding between worksites, time I spent driving or riding between

Bull Roger's locations and worksites, rig-up-and rig-down time, standby time, and time spent reporting to worksites where no work was performed that day.

3.  I understand that there were/are over 100 CWs who worked under the same conditions as I did during my employment with Bull Rogers. These CWs were non-exempt employees that were not guaranteed a minimum rate of pay each workweek, and were required to work overtime hours. These individuals suffered from the same company policies as I did during my employment, including specifically not receiving payment for all hours worked when Bull Rogers paid us on a Piece Rate Basis.

4.  The basis of my belief and knowledge of these policies is that I (1) observed other CWs work well in excess of 40 hours per week during their employment that performed similar duties to those I performed; and (2) had conversations with many of my fellow CWs who talked to me about how Bull Rogers paid them during their employment. The duties, hours, and pay policies/practices applicable to CWs did not depend on the geographic area or region we worked in, but were rather a product of working as CWs for Defendant. Bull Rogers specifically violated the rights of all CWs who received Piece Rate pay by failing to count or track hours worked by us on that basis towards our overtime hours worked each workweek. The CW employees I worked while working on Bull Rogers' casing crews included casers, casing hands, floor hands, stabbers, crew haulers, drivers, and operators.

5.  I believe other individuals, would join this case if they were aware of its existence. I do not presently recall all of the names, telephone numbers, and addresses of all of the individuals with whom I was familiar while working for Bull Rogers; however, I believe Steven Richardson and Rick Muniz would be eligible to join this case based on

the fact that those Casing Worker(s) performed similar duties and under a similar pay plan as the one described above, may already be participating in this matter, or would participate in this matter if he was not afraid of retaliation for joining the case in which this declaration is filed.

6.   As a CW, other CWs and I often worked in remote locations far away from our homes for extended periods of time.  I would often work, eat, and sleep at or near job sites which are not near my home for days and even weeks at a time.  This work schedule made it difficult my coworkers and I to regularly receive regular U.S. mail in a timely manner, if at all.  Much of my communication with my friends and family, as well as with my lawyers has been through email, text, and calls on my cell phone.  I have observed many of my co-workers (whether working for Bull Rogers or for other companies) staying in contact with their friends and family the same way I do (email, text, cell phone).  I believe that in addition to receiving notice in the mail about this suit, it would be helpful to send both an email and text message notice to these other oilfield workers to ensure they receive timely notice about this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I have personal knowledge of the information provided above.

DocuSigned by:
*Patricio Calvillo*
7E37D499438E431...
PATRICIO CALVILLO

3/20/2017
Date