**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

PATRICIO CALVILLO, AND
ALL OTHERS SIMILARLY SITUATED
UNDER 29 USC §216(b),

      Plaintiffs,

      v.                              No. 16-cv-919 WJ-GBW

BULL ROGERS, INC. and HELEN
MARIE WALLACE, individually,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR
NOTICE TO POTENTIAL PLAINTIFFS AND CONDITIONAL CERTIFICATION
And
ORDER APPROVING IN PART AND STRIKING IN PART
PROPOSED FORM OF NOTICE AND PROPOSED CONSENT FORM**

      THIS MATTER comes before this Court upon Plaintiffs' Motion for Notice to Potential

Plaintiffs and Conditional Certification, filed May 15, 2017 (**Doc. 35**).   Having reviewed the

parties' briefs and applicable law, the Court finds that Plaintiff's motion is well taken and,

therefore, GRANTED, except for certain language proposed by Plaintiff in the proposed consent

form.

**BACKGROUND**

      Plaintiff is suing Defendants to recover unpaid overtime wages that Defendants failed to

pay in accordance with the FLSA.   Defendants are involved in oilfield casing services

throughout New Mexico and Texas over the last three years and employ non-exempt employees

to help perform casing services.[1]  Plaintiff Patricio Calvillo ("Plaintiff") brings this action

---

[1]   According to the online Schlumberger Oilfield Glossary, casing services deal with the lowering of large-diameter
pipes into a well that are sufficient to withstand a variety of forces.

individually and on behalf of those similarly situated casing employees ("CE")[2] pursuant to the FLSA.  Plaintiff also brings this action as a Rule 23 class action pursuant to New Mexico Wage Law.  The Amended Complaint asserts two counts:  Failure to Pay Wages in Accordance with the FLSA (Count I) and Violation of New Mexico Wage Law (Count II).  Doc. 29.

This motion seeks an Order allowing Notice to Potential Plaintiffs and Conditional Certification pursuant to the collective action provision in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b):

> No employee shall be a party plaintiff to any [action to recover under the FLSA) unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 USCA § 216(b).

## DISCUSSION

Plaintiffs seek conditional certification and supervised notice on the grounds that a group of other similarly situated non-exempt employees ("NEE") exist and that Defendants subjected these individuals to illegal policies under the FLSA, denying overtime for all overtime hours worked and as well as overtime pay at the legally required rate.

## I.    Relevant Law

Under 29 U.S.C. §216(b), an employee may bring a collective action on behalf of "similarly situated" employees.  29 U.S.C. § 216(b). "The purpose of collective action under the FLSA is to give 'plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources,' and to benefit the judicial system 'by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . .  activity.'" *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).Unlike Rule 23 class actions,

---

[2]  The pleadings also refer to "casing employees" as "casing workers" or "casers."  *See* Doc. 35, Exs. C & D (using term "CWs"); and Doc. 37 at 3 (reference to "casers').

putative class members under the FLSA must opt into the class rather than opt out. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir.2001), *cert. denied*, 536 U.S. 934 (2002). The relevant question here is whether the named Plaintiffs are "similarly situated" to members of the proposed class for purposes of § 216(b). Section 216(b) does not define the term "similarly situated," and there is little circuit law on the subject. However, the Court finds that the majority of courts apply the two-step (also called the "two-stage") ad hoc approach in examining provisional certification of collective actions under § 216(b) of the FLSA. *See Thiessen*, 267 F.3d at 1105 ("[a]rguably, the [two-step] ad hoc approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards."); *see also Bayles v. American Medical Response of Colorado, Inc.*, 950 F.Supp. 1053, 1063 (D.Colo.1996) (noting holdings by a number of courts that while modern Rule 23 requirements are instructive, they are not prerequisites to maintaining a collective action under § 216(b)) (citations omitted). The Tenth Circuit recognized that "Congress clearly chose not to have the Rule 23 standards apply to class actions under the ADEA, and instead adopted the "similarly situated standard [utilized by the FLSA]." *Thiessen*, 267 F.3d at 1105.

Under an ad hoc approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." 267 F.3d at 1102–03. At this stage, a court requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. (quoting *Bayles*, 950 F.Supp. at 1066). If the Court conditionally certifies the class based on these allegations, discovery proceeds on the merits, and the Court then makes a second determination, usually prompted by defendant's motion to decertify, and utilizing a stricter standard of "similarly situated." *Id*. at 1102–03; *see Bayles*, 950 F.Supp. at 1066 (court makes "a second determination after discovery is completed

3

and the case is ready for trial"). During this "second stage" analysis, a court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs. *Id.*; *Hose v. Henry Indus., Inc.*, 49 F. Supp. 3d 906, 919 (D. Kan. 2014) ("In the Tenth Circuit, courts consider FLSA class actions under a two-step approach. First, the court conditionally certifies the class, based on a modest factual showing that the class is similarly situated.").

In the second step, which occurs after the parties have engaged in discovery and the opt-in process is completed, "the court's inquiry is more stringent." *Mielke et al. v. Laidlaw Transit, Inc.*, 313 F.Supp.2d 759, 762 (N.D. Ill. 2004). Once it is known which employees will be part of the class, the court must reevaluate the conditional certification "to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Heckler v. DK Funding, LLC et al.*, 502 F.Supp.2d 777, 779 (N.D.Ill. 2007). At step two, the court must consider: (1) whether the plaintiffs share similar or disparate employment settings; (2) whether affirmative defenses raised by the defendant would have to be individually applied to each plaintiff; and (3) any fairness and procedural concerns. *Mielke*, 313 F.Supp.2d at 762; *see also Bass v. PJ Comn. Acquisition Corp.,* 2010 WL 3720217, at *2 (D.Colo. 2010) ("notice stage" determination made by examining whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" while second step is completed after discovery, often prompted by a motion to decertify, and applies a more strict standard of similarly situated).

## II.     Conditional Certification

This Court has previously addressed whether a class should be conditionally certified under the FLSA. *See Maestas v. Day & Zimmerman, LLC,* 2013 WL 11311781, at *3 (D.N.M. 2013); Civ. No. 09-019 WJ/LFG (Dec. 20, 2013). The plaintiffs in that case were current or

previous officers in a private security force employed to provide security at Los Alamos National Laboratory.  The Court granted plaintiffs' motion for conditional class certification and ordered Defendants to respond to the pending discovery requests by plaintiffs:

> Following the completion of this discovery, the Court anticipates that Defendants may file a motion to decertify the class, in which case the Court will determine whether this case will proceed to trial on a collective basis, or whether FLSA claims will have to be individually pursued by the opt-in plaintiffs.

Doc. 161 at 8, *Maestas v. Day et al.*), Civ. No. 09-019.[3]  The Court finds that this procedure is appropriate in this case as well.

The "similarity situated" requirement of §216(b) is also more elastic and less stringent than the requirements found in Rule 23 class action standards. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d at 1105 ("Congress clearly chose not to have the Rule 23 standards apply to class actions under the ADEA, and instead adopted the 'similarly situated' standard (*see also Landry v. Swire Oilfield Services, L.L.C.*, 2017 WL 1709695, at *27 (D.N.M., 2017) (citing *Thiessen*, 267 F.3d at 1105); *Grayson v. K Mart,* 79 F.3d 1086, 1096 (11th Cir.1996), cited in *Bishop v. Heartland Services, Inc.*, 242 F.R.D. 612, 614 (D.Kan.,2007).

The "similarly situated" inquiry involves a case by case approach, which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen,* 267 F.3d at 1102.  Thus, the burden at this stage is light or lenient, but provisional certification is not automatic (*Thiessen,* 267 F.3d at 1103 (referring to ad hoc standard a "fairly lenient"); *Landry v. Swire Oilfield Services, L.L.C.,* No. 16-621, 2017 WL 1709695, at *29 (D.N.M. May 2, 2017) (noting standard is "a lenient one"

---

[3]  In the *Maestas* case, United States Magistrate Judge Lorenzo Garcia conducted an extensive review of the case law on the issue of which approach to use in determining the "similarly situated" question.  *See Maestas,* Civ. No. 09-019, Doc. 32 at 3-5.  Other approaches which have been used by some federal district courts are based on Rule 23 elements, notwithstanding the significant distinction between class actions brought under Rule 23 opt-out actions and the collective opt-in actions brought under the FLSA.

and granting conditional certification) (quoting *Greenstein v. Meredith Corp.,* 948 F.Supp.2d 1266, 1267 (D.Kan. 2013). A court must determine whether named and potential plaintiffs are "similarly situated" based on allegations in the complaint supported by sworn statements. *See Bass v. PJ Comn Acquisition Corp.,* 2010 WL 3720217, at *2 (D.Colo.,2010) (declarations of two named plaintiffs supported conditional certification and plaintiff's contention that defendants' policies resulted in payment of wages at rate lower than that required by the FLSA).

For purposes of the instant motion, the Court's inquiry here is limited to the first step, or "notice stage" of the process which applies a lenient test to determine whether the putative plaintiffs are similarly situated—that is, Plaintiff must provide some evidence to establish a colorable basis showing the putative class members are victims of a single decision, policy or plan. The record need only be "sufficiently developed" to allow court-facilitated notice based upon "substantial allegations or some factual support." *See Williams v. Sprint/United Mgmt. Co.,* 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification").

For an opt-in class to be created under section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees similarly situated. Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members. *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.) (internal quotations and citations omitted), *cert. denied* 519 U.S. 987, 519 U.S. 982 (1996). Here, Plaintiff alleges that he had the primary duty of performing non-exempt work and Defendant subjected him to illegal policies that denied him overtime for all overtime hours worked as well as overtime at the legally required rate. Doc. 29, ¶¶21-26. The Amended Complaint (Doc. 29)

alleges the two categories of pay violations, one involving uncounted hours and the other involving miscalculations to pay:

- Defendants employ non-exempt workers ("NEEs") to provide casing and other services to Defendants' customers, but failed to track or count hours worked by casing employees ("CEs") when these employees were paid on a quantity of work/piece rate basis and as a result, Defendants underreported the overtime hours worked by CEs (hereinafter, "Uncounted Hours Policy");[4] and

- Defendants also pay CEs "additional pay"—in addition to hourly or quantity based pay for casing work, including but not limited to non-discretionary bonus, truck allowance and safety bonus pay ("Additional Pay").[5] Defendants categorically excluded ALL "Additional Pay"—other than hourly and quantity of work pay for casing work—from the regular rate to calculate CEs' overtime compensation ("OT Miscalculation Policy").

*See Am. Compl.,* Doc. 29, at 2.

Plaintiffs also provide the Declarations of named Plaintiff Calvillo and fellow casing employee Raytonio Moore. Both state that Plaintiff was subjected to the same illegal policies as other NEEs who remain unaware of this lawsuit. These individuals also state that, based on their observations and discussions with fellow employees, other casing employees worked under the same overtime conditions where their hours were either not tracked or miscounted, and where they did not receive pay for the overtime worked. Exs. C & D. As a result, these non-exempt employees allegedly were not paid for all overtime hours when paid quantity-based pay and/or they did not receive pay at the legally required rate when paid Additional Pay. Doc. 29 (Am. Compl.) at ¶¶21-25.

---

[4] Exs. E and F to the motion are presented to the Court to illustrate Defendants' total disregard to track the time worked by Plaintiff when he was paid on a quantity of work basis. These pay stubs show both payment received for working "0" hours, as well as insufficient payment for overtime even based on a minimum wage calculation.

[5] "Additional Pay" specifically excludes hourly pay and quantity-based pay for casing work, but includes all other pay received by NEEs including non-discretionary bonus and per diem pay. *See* Doc. 35 at 4, n.5; *see also* Doc. 29 (Am.Compl.), ¶5 (describing "Additional Pay" as included but not limited to "per diem and non-discretionary bonus pay").

Defendants oppose conditional certification, but the arguments they raise are not compelling.  Most of these arguments go either to the second stage of the analysis or to the merits of the case.  For example, Defendants contend that Plaintiff's assertion that they were not compensated conflicts with Defendants' practice that casing employees are required to report all hours worked and are paid for all hours worked. Defendants also argue that conditional certification is not appropriate because Plaintiffs fail to offer evidence other than conclusory allegations, that their alleged experience of not being paid for off-the-clock activities was shared by other employees.  However, these issues go more to the merits of this case rather than to conditional certification, which at this initial stage requires no actual evidence to be presented, but only "substantial allegations" that the putative class members were together "victims of a single decision, policy or plan."  *Thiessen,* 267 F.3d at 1102–03; *see also Williams v. Sprint/United Management Co*., 222 F.R.D. 483, 487 (D.Kan.,2004) (in age discrimination case, holding that any arguments concerning plaintiff's evidence of a pattern and practice of discrimination are premature where discovery was not yet completed).[6]

Defendants further contend that the putative plaintiffs have no knowledge about Defendants' pay practices regarding fellow casing employees during the bulk of the limitations period because they have not worked for Defendants for over two years.  This issue would be taken up in the second stage of the analysis which uses a stricter standard to determine whether plaintiffs are "similarly situated" and would include a review of the disparate factual and employment settings of the individual plaintiffs.  Defendant's final argument is that conditional certification should be denied because evidentiary hearings for each "collective member" are

---

[6]  The ADEA incorporates the procedures for enforcement of the FLSA, and a class action under the ADEA is therefore governed by 29 U.S.C. §216(b) rather than Rule 23 of the Federal Rules of Civil Procedure.  *Williams,* 222 F.R.D. at 484, n.2.

necessary to determine damages as to each plaintiff.   However, to support this argument, Defendants rely on a case addressing Rule 23 class actions.[7]   By now it should be clear that in this circuit, requirements for class certification under the FLSA are separate and distinct from those governing Rule 23 certification—plain and simple: individualized damages have no bearing at the conditional certification stage.   *See Williams,* 222 F.R.D. at 487 (determination of whether plaintiffs are "similarly situated" upon revisiting certification issue are "simply not relevant at the notice stage when plaintiff . . . has set forth substantial allegations that all plaintiffs were subjected to a pattern and practice of age discrimination") (citing *Thiessen,* 267 F.3d at 1105.

The "similarly situated" inquiry under the Court's immediate consideration requires only a colorable basis showing the putative class members are victims of a single decision, policy or plan, and Plaintiff has satisfied this lenient test.   The putative plaintiffs worked for the same employer, performed largely similar duties and their allegations of FLSA violations are derived from the same alleged practices of either not paying for overtime hours worked or miscalculating those hours.   The allegations in the Amended Complaint, together with Plaintiff's proffered exhibits are therefore sufficient as a basis for the Court to grant conditional certification.[8]

## III.   Notice

---

[7]  Defendants rely on *Comcast Corp. v. Behrend,* 133 S.Ct. 1426, 1433 (2013).

[8]  *See, e.g., Bass v. PJComn Acquisition Corp*., 2010 WL 3720217, at *2 (D.Colo.,2010) (finding that plaintiffs satisfied first step of two-step analysis where plaintiffs alleged that defendants' delivery drivers generally are subject to policies that result in payment of wages to drivers at rate lower than that required by the FLSA, based on declarations of two named plaintiffs and allegations in complaint); *see also Bustillos v. Board of County Com'rs of Hidalgo County*, 310 F.R.D. 631 (D.N.M.,2015) (employees shared same employer, they worked in same location and performed largely similar job duties, they were members of same bargaining unit and governed by same county labor ordinance, and their damages all derived from same policy of allegedly requiring uncompensated pre-shift, post-shift, and on-call work).

In addition to Conditional Certification of the potential or putative plaintiffs, Plaintiff also seeks approval of supervised Notice to these individuals. To that end, Plaintiff asks that the Court approve the proposed form of Notice which is attached as Exhibit A to the motion. Doc. 35-1. Defendants appear to have two problems with the proposed Notice submitted by Plaintiff for the Court's approval. First, Defendants object to the form of Notice because it fails to provide important information regarding Defendants' denial of the allegations and information regarding putative class members' obligations. Defendants' second objection is the Plaintiff's proposed method of notice to potential plaintiffs, which includes email and text as well as by United States Postal Service. Defendants request that instead of having parties brief all these deficiencies, the Court should require the parties to confer on the notice issue and if discussion does not resolve the parties' differences, briefing can be ordered.

A.   Court's General Approval of Supervised Notice and Method of Notice

It is pointless to order the parties to confer in an attempt to resolve their differences on the notice issue. This Court's local rules already require that parties make a good-faith request for concurrence prior to filing a motion, which was apparently done here. *See* Doc. 35 at 12; D.N.M.LR-7.1(a). At that point, Defendants would have been aware of what their particular objections were to the form and method of the proposed Notice, and the parties could have attempted to resolve at least their differences regarding the proposed Notice issue. Defendants' suggestion that the parties engage in further discussion on the notice issue is late in coming.[9] Plaintiff claims that the suggestion is really a "play to further delay Notice." Doc. 39 at 11. The Court cannot know for sure whether this is so, although it appears there may be some truth to

---

[9]   In *Williams, v. Sprint,* the federal district court in Kansas was also skeptical of defendant's failure to brief the notice issues. 222 F.R.D. at 487. The court was "somewhat puzzled by Sprint's failure to include in its response to plaintiff's motion any objections it might have to plaintiff's proposed notice—particularly as plaintiff expressly moves the court to approve the specific notice that she has attached to her motion."

that contention.  Defendants oppose Plaintiff's request for conditional certification based on lack of evidence regarding other employees, but at the same time have withheld contact information for putative class members.  *Cmp.* Doc. 37 at 5 *with* Doc. 39 at 2.

The Court notes that Defendants made a conscious decision *not* to brief all of the perceived "deficiencies" in Plaintiff's proposed Notice in responding to this motion, ostensibly for the reason that it was "unlikely" that the Court would grant Plaintiff's motion.  *See* Doc. 37 at 2 ("Rather than brief all these deficiencies, Defendant[s] propose[s] that the parties confer regarding notice in the *unlikely* event that the Court grants Plaintiffs' request in the Motion, and then brief notice as warranted should the conference prove unsuccessful.").  Defendants' decision not to brief the Notice issue was unfortunate, since the lenient standard followed in this circuit for conditional certification of FLSA collective actions would make it *more* likely that the Court would grant Plaintiff's motion.[10]

Further discussion regarding whether notice by email and text should be allowed would also be pointless because the law is on Plaintiff's side.  Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved.  *See, e.g., Landry et al. v. Swire Oilfield Serv., LLC et al.,* 2017 WL 1709695, *39-40, unpubl. opin., D.N.M., May 2, 2017 (granting notice by mail, email and text where employees were dispersed to various sites around the country and were away from their homes and addresses of record for weeks or months at a time); *see also* Doc. 39 at 12, n.15 (citing numerous decisions allowing text or email notice).  Therefore, the Court grants Plaintiff's

---

[10]  The Court notes that there is a pending Motion to Compel (Doc. 32) filed by Plaintiff.  If Defendants have indeed been stalling in providing responses to Plaintiff's discovery requests, this Court's conditional certification should provide an impetus in moving along this litigation.

request to send notice to putative plaintiffs by email and text as well as by United States Postal Service.

      B.    <u>Court's Ruling on Specific Notice Issues</u>

While the Court generally approves of supervised notice as well as Plaintiff's requested methods of notice, the Court finds it necessary to specifically address the proposed notice forms.

      *1.    Form of Notice*

Plaintiff has attached the form of Notice as an exhibit to the motion (Doc. 35-1). The form was also attached to the reply with additional language regarding Defendants' denial of the allegations. *See* Doc. 39-1 (redlined version adding language that "Bull Rogers denies these allegations and contends it properly paid its employees overtime for all hours worked at the legally required rate") and Doc. 39-2 (modified version without redline). The Court approves of this modification and finds that it sufficiently addresses Defendant's objection in that regard. This modified form of Notice comports with notices used in other FLSA collective actions and approved by this district. *See Landry v. Swire Oilfield Services, L.L.C.,* No. 16-621-JB-LF, Doc. 35-1 at 1(Jan. 13, 2017) (stating that "Defendants disagree with Plaintiffs' contentions sand believe the workers were paid properly. Defendants deny liability and believe they owe no money to Plaintiff or the Class Members."). Therefore, the Court approves of the proposed form of Notice as modified by Plaintiffs in Document 39-2.

      *2.    Consent Form*

Plaintiff has also attached a proposed Notice of Consent which consists of two pages. The first page is the consent itself with a signature line for the plaintiff opting in, and the second page requests contact information to be filled in by the plaintiff. The Court approves of this form with one exception. The consent form itself contains the following language in part:

> I further acknowledge that I intend for this consent to be filed in order to recover my overtime wages against my current/former employer **whether in this action or in any subsequent action that may be filed on my behalf for such recovery**, and this consent may be used in this case **or in any subsequent case as necessary**.

Doc. 35-2 at 1 (emphasis added).  The Court finds that the emboldened language is unnecessary and may be misleading to an individual whose intention is to opt-in to the present litigation.  The Court finds that there is no legal basis to bind the individual to the form's use in "any subsequent case as necessary." The Court therefore STRIKES the emboldened language in the above-cited paragraph and approves of the consent form with the following substituted language:

> I further acknowledge that I intend for this consent to be filed in order to recover overtime wages against my current/former employer that may be owed to me and that this consent may be used in this case as necessary on my behalf for such recovery.

In making this finding, the Court uses as reference the consent form used with this Court's approval in the *Maestas* case, 09cv00019-WJ-SMV, Doc. 173-1, filed July 22, 2014.  That form contains no language referring to subsequent litigation, and represents the individual's consent only for the case in which it was being filed.

## CONCLUSION

In sum, this Court finds and concludes that Plaintiff has satisfied the requirements for conditional certification at this "notice stage" based on the allegations in the Amended Complaint and the exhibits submitted by Plaintiff.

The Court also approves of the issuance of notice to putative plaintiffs and of the use of email and text as a method of notice.  However, while the Court generally approves of the proposed Notice form and the proposed consent form, the Court also STRIKES some of the language in the proposed consent form, as described above.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification (**Doc. 35**) is hereby GRANTED in that this Court conditionally certifies this collective action brought under the FLSA;

**IT IS FURTHER ORDERED** that this Court approves of supervised notice and the requested notice methods, but strikes certain language in the proposed consent form, as described above.  Plaintiffs' counsel shall ensure that the Notice be modified to contain the exact wording approved by the Court.


_____
UNITED STATES DISTRICT JUDGE