IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PATRICIO CALVILLO, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b),<br><br>*Plaintiff*,<br>v.<br><br>BULL ROGERS, INC. and HELEN MARIE WALLACE, individually<br><br>*Defendants*. | Docket No. 2:16-cv-919-WJ/GBW |

## JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL

Representative Plaintiff Patricio Calvillo ("Representative Plaintiff") individually and on behalf of all others similarly situated, and Defendants Bull Rogers, Inc. and Helen Marie Wallace (collectively, "Defendants") (collectively with Plaintiffs, the "Parties") file this Joint Motion for Approval of Collective Action Settlement and Dismissal and show the Court as follows:

### I.      Introduction

In this Fair Labor Standards Act ("FLSA") collective action, Plaintiffs and Defendant jointly request that the Court enter a stipulated order approving the settlement reached between the parties. The parties have carefully and exhaustively negotiated a settlement in this action. They have agreed to resolve the disputed factual and legal issues in this case.

As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by

employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353; *see also Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999) (FLSA overtime settlement must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court).

The parties request that this Court review and approve this settlement. The parties believe that Court will find, after scrutinizing the settlement, that it is fair and should be approved. The settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiffs were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II. Procedural History

The Representative Plaintiff filed this collective action on behalf of himself and others similarly situated on August 12, 2016 alleging that Defendants violated the FLSA and the New Mexico Minimum Wage Act ("NMMWA"). Specifically, the Representative Plaintiff claimed that he and other non-exempt "Casing Workers" who received piece rate pay were denied overtime owed to them because Defendants failed to count hours worked on a piece rate basis towards total hours worked each week and failed to include all required remuneration into Casing Workers' regular rate to calculate overtime. Defendants answered Plaintiff's complaint, denying each of the above allegations.

On May 15, 2017, Plaintiffs filed their Motion for Notice to Potential Plaintiffs and Conditional Certification. After the Parties fully briefed the Motion, the Court granted conditional certification to the non-exempt casing workers employed from July 25, 2014 to the present. ECF 43. Plaintiffs' counsel sent notices to a total of 144 potential plaintiffs and 27 elected to join the case, for a total of 32 current plaintiffs. The parties then proceeded with discovery, which recently led to settlement talks that culminated in settlement.

### III.   Settlement Terms

Defendants produced payroll information for each of the 32 plaintiffs, including Defendant produced payroll information for each of the 32 plaintiffs, including timesheets showing recorded hours of work, and reports reflecting weekly piece rate pay and additional pay earned (Siegel Decl. ¶¶ 4-6.). Based on those source documents, the parties calculated the amounts each plaintiff would be entitled to receive in the event the Court ruled they had been properly compensated for all hours worked. (*Id.*) Several weeks of information exchange, discussion and negotiations were required to arrive at the terms of the settlement. (*Id.* ¶4.)

Pursuant to the terms of the settlement, Plaintiffs will receive payments ranging from $100.00[1] to $51,220.16 depending upon a number of variables, including length of employment, amount of piece rate pay and other compensated earned, and number of reported overtime hours.[2]  (Id. at 7.)  The payments to the Plaintiff and Opt-in plaintiffs

---

[1] The one Plaintiff receiving this amount recorded no overtime hours and/or worked for Defendant outside of the statute of limitations period.

[2] The average recovery will be approximately $9,973.43 or approximately $124.56 per workweek of the Plaintiffs' employment.

exceed 100% of the overtime compensation to which they would be entitled had they prevailed on every issue at trial. (Id. at 8.). Importantly, all calculations assumed the class members would recover for a period of <u>over</u> three years, rather than two years, worth of back wages, dramatically increasing the amounts recovered by each plaintiff. (Id. at 6.).

In addition, the Representative Plaintiff will receive an amount equal to approximately three percent (3%) of the total settlement payment, rewarding his assistance in preparing pleadings, providing detailed disclosure information, producing documents related to the case, submitting to multiple extensive interviews with counsel, participating in deposition preparation sessions, and assisting in settlement discussions on behalf of the class. (*Id*. at 9.) This incentive award is reasonable and fair based on the efforts put forth by the Representative Plaintiffs, the number of individuals on whose behalf they acted, and the results of their initiating this litigation. (*Id.* at 9.)

Finally, in addition to the payments to the Plaintiffs described above, the Defendant has agreed to pay plaintiffs' attorneys fees of $210,000[3] and actual litigation costs of and actual litigation costs of $5,822.57 for a total settlement of $525,000. An itemization of what each plaintiff will receive is attached. (<u>Exhibit</u> 1.)

### IV. The Court Should Approve the Settlement Agreement

This Court should approve the settlement because it was achieved in an adversarial context, Plaintiffs have been represented by competent and experienced counsel, and the

---

[3] The amount of fees was determined by the contingency fee agreement between the Representative Plaintiff and his counsel as provided to the opt-in plaintiffs in the Notice of Overtime Wage Lawsuit (ECF 39-1) and as consented to by each of the opt-in plaintiffs in their Consent[s] to Join Collective Action. (ECF 35-1).

**JOINT MOTION FOR APPROVAL OF COLLECTIVE
ACTION SETTLEMENT AND DISMISSAL**                                                                 Page - 4

settlement reflects a reasonable compromise over disputed issues. Moreover, the settlement provisions are fair.

## A. The Standard for Approval

An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The exceptions are (1) that the Secretary of Labor can supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 215(b); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Both parties request this Court to approve the above- referenced Agreement.  A district court, when reviewing a proposed settlement of an FLSA claim, should "scrutinize the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353-55 (11th Cir. 1982). The *Lynn's Food Stores* court essentially established four factors to guide the district court in determining whether to approve a FLSA Settlement:

1. Was the settlement achieved in an adversarial context?

2. Were the plaintiffs represented by attorneys who can protect their rights?

3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?

4. Is the settlement fair?

*Id.* at 1353-54.

The Declaration of Jack Siegel in support of this motion ("Siegel Decl."), attached as Exhibit 2, reveals that the settlement was negotiated at arm's length by experienced counsel concerning bona fide disputes between their clients with respect to liability and the amount due, assuming FLSA and NMMWA violations had occurred. (Siegel Decl. ¶¶ 2-6.) Furthermore, the Declaration establishes that, in counsel's extensive experience, the settlement is fair, just, and adequate to settle Plaintiffs' claims. (*Id.*)

## V.   Conclusion

The parties believe that the settlement reached is a fair and reasonable compromise of the respective positions of both sides. The parties therefore respectfully request the Court approve the settlement and enter the proposed Order Approving Collective Action Settlement and Dismissal. Entry of the proposed Order will "secure the just, speedy and inexpensive determination" of this action. FED.R.CIV.P. 1.

Respectfully submitted,

| | |
|---|---|
| */s/ Jack Siegel*<br><br>Jack Siegel<br>Co-Attorney in Charge<br>Texas Bar No. 24070621<br>Siegel Law Group PLLC<br>2820 Mckinnon, Suite 5009<br>Dallas, Texas 75201<br>jack@siegellawgroup.biz<br><br>J. Derek Braziel<br>Co-Attorney in Charge<br>Texas Bar No. 24087532<br>jdbraziel@l-b-law.com<br>Travis Gasper<br>Texas Bar No. 24096881<br>gasper@l-b-law.com<br>Lee & Braziel, L.L.P.<br>1801 N. Lamar Street, Suite 325<br>Dallas, Texas 75202<br>(214) 749-1400 phone<br>(214) 749-1010 Fax<br><br><br>ATTORNEYS FOR PLAINTIFFS | */s/ William Stuckenburg*<br><br>William R. Stukenberg<br>State Bar of Tex. No. 24051397<br>JACKSON LEWIS P.C.<br>Wedge International Tower<br>1415 Louisiana, Suite 3325<br>Houston, Texas 77002-7332<br>Telephone: (713) 650-0404<br>Facsimile: (713) 650-0405<br>william.stukenberg@jacksonlewis.com<br><br>Andrea K. Robeda<br>Danny W. Jarrett<br>JACKSON LEWIS P.C.<br>4300 San Mateo Blvd NE, Ste. B260<br>Albuquerque, NM 87110<br>Telephone: (505) 878-0515<br>Facsimile: (505) 878-0398<br>andrea.robeda@jacksonlewis.com<br>jarrettd@jacksonlewis.com<br><br><br>ATTORNEYS FOR DEFENDANTS |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2019, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

>  */s/ Jack Siegel*
>  **Jack Siegel**